```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| M&M MACHINE SHOP, INC. | CIVIL ACTION |
| v. | NO. 06-10450 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "F" |

## ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Hurricane Katrina damaged M&M Machine Shop, a business in Chalmette, Louisiana. M&M Machine was insured by State Farm; the policy has coverage limits totaling $59,300, not including loss of income. M&M Machine contends that State Farm has paid only $6,556.82 to cover the wind damage to the building and $12,656 (10 days) in loss of income. M&M Machine says that it is entitled to an additional $63,280 in coverage.

M&M Machine sued State Farm on August 29, 2006 for bad faith claims adjusting and breach of contract, seeking specific and general damages, attorney's fees, and penalties. State Farm was served on October 19 and removed the suit to this Court on November 17, invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1332, stating that the parties are completely diverse and the amount-in-controversy exceeds the $75,000 minimum requirement

for federal jurisdiction.  The plaintiff now move to remand, contending that the amount in controversy requirement is not satisfied.  Attached to its motion to remand, M&M Machine submits a post-petition affidavit of its owner, Marvin Alberado:  Mr. Alberado states that M&M Machine's recovery is limited to an amount less than $75,000, exclusive of interests and costs.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332.

State Farm contends that this Court has diversity jurisdiction over this suit because the parties are completely

2

diverse and the plaintiff seeks recovery in excess of $75,000. State Farm is a citizen of Illinois and M&M Machine is a citizen of Louisiana; thus, the parties are completely diverse. The only dispute here is whether the amount-in-controversy requirement is met.

III.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

Louisiana law prohibits the plaintiff from petitioning for a specified quantum. See La. Code Civ. P. art. 893(A)(1). The plaintiff's petition, in conformity with Louisiana law, is silent regarding the quantum of damages. When the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,00 or (2) setting forth the facts in controversy that support a finding of the jurisdictional amount. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

The defendant contends that the amount in controversy at the time of removal exceeded $75,000 based on the insurance policy limits and the allegations that the plaintiff seeks to recover state law penalties. The plaintiff argues the post-removal affidavit stating that M&M Machine Shop will not recover more than $75,000 irrevocably binds the plaintiff to recover less than $75,000 from State Farm and therefore bars a finding that the jurisdictional amount-in-controversy is met.

When the dispute concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy, plus any penalties allowed by state law. <u>Buras v. Birmingham Fire Insurance Co. of Penn.</u>, 327 F.2d 238, 238-39 (5th Cir. 1964) (finding penalties could serve to establish jurisdiction if the charge was "intended to be in the nature of a coercive penalty towards prompt settlement" as opposed to interest).

Post-removal affidavits may be considered in determining the amount in controversy only if the basis for jurisdiction is ambiguous at the time of removal. <u>Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia, S.A.</u>, 988 F.2d 559, 565 (5th Cir. 1993), <u>abrogated on other grounds</u>. Here, M&M Machine unambiguously alleges in its complaint that it is entitled to specific and

4

general damages, attorney's fees, and penalties.  The plaintiff could not and did not specify a specific monetary amount of recovery.  Nor did the plaintiff file a binding stipulation or affidavit with the original petition that would irrevocably bind the plaintiff to limit its recovery.  Based on the plaintiff's allegations, the insurance policy limits, and the plaintiff's assertion that state law penalties and attorney's fees should be awarded, State Farm has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The plaintiff urges the Court to find that the plaintiff's voluntary reduction of the amount in controversy in the post-removal affidavit divests the Court of its subject matter jurisdiction.  But the plaintiff did not bind itself in its state court pleading; indeed, in its petition, the plaintiff alleges facts that, if proven, would entitle it to statutory penalties and attorney's fees in addition to its covered losses.  And the plaintiff's post-removal affidavit does not clarify the amount-in-controversy as of the time of removal.  Thus, this post-petition paper may not be considered in testing the amount in controversy. <u>See St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); <u>St. Paul Reinsurance Co. v. Greenberg</u>, 134 F.3d 1250, 1254 (5th Cir. 1998) (finding that neither a

counterclaim nor a separately filed state court petition could be considered in testing the amount in controversy).

The plaintiff's business policy provides coverage limits of $59,300 plus loss of income (which has a limit of "actual loss sustained"). State Farm has paid $6,556.82 for the wind damage to the building and $12,656 for loss of income. The plaintiff requests at least an additional $63,280 for wind damage and business losses under its State Farm policy. Like the facts in St. Paul Reinsurance, this state has statutory penalties that apply automatically if an insurance claim is not paid timely. See La. R.S. 22:1220.[1] According to the Fifth Circuit, when a demand is made against an insurance policy up to its limits, statutorily allowed penalties and attorney's fees should be used to determine the amount-in-controversy. See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911-12 (5th Cir. 2002) (citing St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)).

Adding the plaintiff's claim of $63,280 to the potential recovery, as set forth in the state court petition, of mandatory

---

[1] La. R.S. 22:1220 provides that "[a]n insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties *shall be liable* for any damages sustained as a result of the breach." (Emphasis added.) The statute defines examples of breach to include failing to pay the amount of a claim within sixty days and failing to pay claims when the failure is "arbitrary, capricious, or without probable cause."

statutory penalties, the defendant has shown by a preponderance of the evidence that the claim is valued over $75,000, satisfying the amount-in-controversy requirement for diversity jurisdiction.[2]

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, February 1, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] If plaintiff persists in its evaluation of the case, it will no doubt settle for less than $75,000.